# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

FARUKI IRELAND &COX PLL,

      Plaintiff,                   :        Case No. 3:08-cv-468

                                  District Judge Walter Herbert Rice
     -vs-                           Magistrate Judge Michael R. Merz

                                :

MAGUIRE PRODUCTS, INC.,

      Defendant.

## DECISION AND ORDER

This case is before the Court on Defendant's renewed Motion for Discovery under Fed. R. Civ. P. 56(f) (Doc. No. 13).

This is a collection case arising out of Defendant's failure to pay attorney fees to Plaintiff for representation provided by Plaintiff in *Maguire Products, Inc., v. Comet Automation Systems, Inc.*, Case No. 3:03-cv-198, from its filing in 2003 until new counsel substituted for Maguire in December, 2005. The history of Plaintiff's attempts to obtain payment for its services are set forth in detail in the Affidavit of Charles Faruki attached to Plaintiff's pending summary judgment motion (Doc. No. 9). As is pointed out in Plaintiff's Response to the Rule 56(f) motion, it turned its file over to successor counsel in 2005 and it communicated with referring Philadelphia counsel throughout the time of its representation; moreover, it has produced documentation in support of its claims as attachments to Mr. Faruki's Affidavit and in its disclosure under Fed. R. Civ. P. 26(a).

In response to this wealth of detail, Defendant's Rule 56(f) motion is notably opaque. Instead of detailing what discovery is needed to oppose Plaintiff's summary judgment motion, Defendant merely says it intends to "serve interrogatories, requests for production of documents,

1

and requests for admissions," to depose Mr. Faruki and "other individuals as I deem appropriate" including "any other employee of Plaintiff that rendered services on behalf of Defendant in the underlying litigation." (Affidavit of John Smith, attached to Doc. No. 13.) To do this, Defendant's counsel advises he needs more than all the time allotted for discovery for the whole case, to wit, until October 9, 2009 (The Preliminary Pretrial Conference Order sets a cut off for all discovery of September 25, 2009. Doc. No. 10.) Moreover, Defendant's counsel does not aver that any discovery has yet been actually sought.

Although the Rule 56(f) Motion is markedly deficient, Plaintiff has agreed to an extension of time to and including April 24, 2009, for Defendant's response to the summary judgment motion. That extension is granted. Defendant may engage in discovery necessary to oppose the motion without limit as to method between the date of this Order and April 24, 2009.

February 21, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge